```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAWN SOUTHERLAND              :      CIVIL ACTION
                               :
                               :
        v.                     :
                               :
COMMONWEALTH OF PENNSYLVANIA,  :
MONTGOMERY COUNTY, et al.      :      NO. 08-5333
```

MEMORANDUM

Fullam, Sr. J.                                        April 15, 2009

      The plaintiff has sued two police officers, Whitemarsh Township, and Montgomery County, alleging that his constitutional rights were violated when the police arrested him.  All of the remaining parties have filed motions to dismiss or for summary judgment, including the plaintiff.  As material outside the complaint has been submitted by the plaintiff and the defendants, and the facts as set forth below are not significantly in dispute, I will treat all motions as being for summary judgment.

      On October 14, 2008, the plaintiff was working as a caddie at the Philadelphia Cricket Club under the name Keith Davis.  Whitemarsh Township police officers apparently had been asked by New York police to determine whether the plaintiff was in fact Shawn Southerland, then a suspect in a 2007 murder in Bronx County, New York.  The local police first showed a picture of Shawn Southerland to an employee of the club, who identified it as the man he knew as Keith Davis.  The police then spoke to

the plaintiff and asked if he was Shawn Southerland.  According to the defendants, he did not initially admit it, but when asked for identification, produced a Texas driver license in the name of Shawn Southerland (the plaintiff says that he immediately produced the Southerland identification).

The officers told the plaintiff that New York police wanted to interview him and asked him to accompany them voluntarily to the Whitemarsh Township Police Department.  He was informed that there was no arrest warrant from New York for him, and he was not arrested on any local charges at that point.

At the police station, the plaintiff sat alone in the front lobby area of the police station (which is not locked) for several minutes.  The police then returned and arrested him for disorderly conduct and giving false identification to police.  He remained in custody on those charges for several weeks.  After the plaintiff was indicted in New York and an arrest warrant from that state issued, the local charges were dropped (in a police report, an officer explicitly states that the local charges were dismissed to facilitate the plaintiff's extradition to New York).  The plaintiff is presently awaiting trial in New York.

After reviewing the record, I am persuaded that the October arrest was a pretext to keep the plaintiff in custody until he was charged in New York.  The defendants describe the encounter as an "investigatory detention" which they analogize to

a Terry stop.  In this regard, the defendants rely upon the decision in Whren v. United States, 517 U.S. 808 (1996), in which the Supreme Court held that temporary detention during an automobile stop is reasonable if the police have probable cause to believe a traffic violation has occurred.  The actual motivations of the individual officers involved are irrelevant; "subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."  Id. at 813.

I am unconvinced that Whren applies in this case.  When the police approached the plaintiff, they had no probable cause to believe that he had violated any laws in Pennsylvania, and he was not subject to arrest for the New York murder — there was no arrest warrant and no indictment in that case.  And in fact, the plaintiff was not immediately arrested, but instead the officers requested that he accompany them to the station.  In arresting the plaintiff after he refused to speak with the New York police, the officers "stepped over the line that separates zealous police work from an unsupportable intrusion on a person's liberty."  Johnson v. Campbell, 332 F.3d 199 (3d Cir. 2003).

The officers argue that their actions are shielded by qualified immunity because they "were justified in their belief that detaining murder suspect Shawn Southerland until the arrival of New York City Detectives was appropriate."  Def. Mot. Dismiss at 12.  I reject the idea that reasonable officers could believe

that arresting the plaintiff on pretextual charges is permitted under the Fourth Amendment.

      For these reasons, I will grant the plaintiff's motion for summary judgment on liability on the Fourth Amendment claims as to the arresting officers, Detective Craig Cubbin and Sgt. Cotter.  However, the plaintiff has cited no evidence to support a conspiracy claim or a <u>Monell</u> claim against Whitemarsh Township and Montgomery County  Finally, the plaintiff claims that the police violated his Sixth Amendment right to counsel because of statements he allegedly made to the local police regarding the New York charges; this claim is not properly raised in this litigation.

      An order will enter.