```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SHAWN SOUTHERLAND | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| MONTGOMERY COUNTY, *et al.* | : | NO. 08-5333 |

<u>MEMORANDUM</u>

Fullam, Sr. J.                                                April 7, 2010

In a previous memorandum and order, I granted summary judgment in favor of the plaintiff as to the liability of the police officer defendants. The defendants appealed, and have filed a motion pursuant to Federal Rule of Civil Procedure 60(b) in this Court, arguing that new evidence requires vacatur of the summary judgment order.

The plaintiff was arrested by Whitemarsh Township police officers on charges of disorderly conduct (a charge for which there is no support in the record and which the officers do not attempt to defend) and giving false identification to police officers. In granting summary judgment in favor of the plaintiff, I concluded that the arrest was a pretext to keep the plaintiff in custody until a warrant could be issued in connection with a murder investigation in New York. In their motion to set aside the judgment, the officers rely upon audio recordings of telephone calls the plaintiff made while in custody. The officers argue that because the plaintiff admits in the telephone conversations that he gave the police a false name initially and that he voluntarily accompanied the officers to the police station, that

the summary judgment should be set aside. I am not persuaded by this evidence.

Assuming that the recordings are newly-discovered evidence, and that the plaintiff gave a false name to the police officers, he committed no offense. The defendants cite 18 Pa. Cons. Stat. Ann. § 4914, which provides:

> False identification to law enforcement authorities
>
> (a) Offense defined.- A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.
>
> (b) Grading.- An offense under this section is a misdemeanor of the third degree.

18 Pa. Cons. Stat. Ann. § 4914. There is no evidence that the officers told the plaintiff that he "was the subject of an official investigation of a violation of law." They did identify themselves, and stated that they were assisting the New York police in an investigation; they argue that the sufficiency of this information is a question of fact. I disagree; the statutory language is clear and the officers lacked probable cause for an arrest.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.